UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARY COOK, | ) No. CV 06-3766 FFM |
| Plaintiff, | ) <br> ) MEMORANDUM DECISION AND <br> ) ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, <br> Commissioner of Social Security, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on June 29, 2006, the parties filed a Joint Stipulation detailing each party's arguments and authorities on March 2, 2007. The Court has reviewed the administrative record ("AR"), filed by defendant on December 22, 2006, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

///

///

///

## PROCEDURAL HISTORY

On June 27, 2003, plaintiff filed an application for Disability Insurance Benefits. She alleged a disability onset of April 3, 2003. Plaintiff's claim was denied initially and upon reconsideration. A request for a hearing before an administrative law judge ("ALJ") was timely filed. ALJ Helen E. Hesse held a hearing on July 26, 2005. Plaintiff appeared with counsel and testified at the hearing. On August 24, 2005, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council, who denied the request for review on May 3, 2006.[1]

Plaintiff commenced the instant action on June 19, 2006.

## CONTENTIONS

Plaintiff raises two issues in this action:

1. Whether the ALJ properly considered the treating physician's opinion; and
2. Whether the ALJ properly considered plaintiff's subjective allegations.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as

---

[1] The Appeals Council's decision is not contained in the Administrative Record. However, the parties have agreed that the Appeals Council denied the request for review on May 3, 2006. (Joint Stipulation at 3).

well as supporting evidence.  *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986).  Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld.  *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

### A. Treating Physician's Opinion

In evaluating medical opinions, the case law and regulations distinguish among three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians).  *See* 20 C.F.R. §§ 404.1502, 416.927; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant.  *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)).  Although the treating physician's opinion is entitled to great deference, it is not necessarily conclusive as to the question of disability.  *Magallanes*, 881 F.2d at 751 (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761-62 (9th Cir. 1989)).  Where the treating physician's opinion is uncontradicted, it may be rejected only for "clear and convincing" reasons.  *Lester*, 81 F.3d at 830.  Where the treating physician's opinion is contradicted, the ALJ may reject it in favor of a conflicting opinion of an examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.  *Ramirez v. Shalala*, 8 F.3d 1449, 1453-54 (9th Cir. 1993).

///

The ALJ determined that plaintiff suffered from probable fibromyalgia and was

limited to performing work at the medium exertional level. (AR 15). In so concluding, the ALJ relied on the opinion of the medical expert, Dr. Sami Nafoosi, and rejected the opinion of the treating physician, Dr. James Gitlin. (AR 12-14). Plaintiff contends that the ALJ failed to properly evaluate the evidence. (Joint Stipulation at 4-10). Plaintiff argues that Dr. Gitlin's opinion should have been given more weight. (Joint Stipulation at 10).

In rejecting Dr. Gitlin's opinion, the ALJ stated as follows:

> In December, 2003, James Gitlin, M.D., opined [plaintiff] was disabled due to significant pain (Exhibit 6F). The undersigned rejects this assessment as it is unsupported by any actual objective medical findings and relies on subjective complaints only. Additionally, the determination of disability is reserved to the ALJ (20 CFR 404.1527(e)).
>
> In February, 2004, Dr. Gitlin indicated [plaintiff] was unable to sit, stand or walk more than 15 to 20 minutes at any given time due to pain. She was unable to lift or carry more than 5 pounds occasionally. She was unable to use her upper or low extremities for any action. She was unable to squat, crawl, climb or reach. She could occasionally bend. She had total restrictions from unprotected heights and moderate restrictions from exposure to marked changes in temperature and humidity, and driving automotive equipment (Exhibit 9F). In July, 2005, Dr. Gitlin indicated [plaintiff] was unable to sit, stand or walk more than 5 to 10 minutes at any given time, and was unable to lift or carry any weight. The assessment was otherwise unchanged (Exhibit 12F). The undersigned notes that neither assessment is supported by any objective medical findings and are inconsistent with the substantial evidence of record. Indeed, while [plaintiff] may have had some tenderness, her range of motion has consistently been intact and her lab tests have all been normal. There is no objective basis in the record for such limitations. These

assessments are rejected accordingly.

(AR 12-13).

Although Dr. Gitlin's ultimate disability finding may not have been binding on the ALJ, the ALJ was still obligated to provided legally sufficient reasons for rejecting Dr. Gitlin's opinion concerning plaintiff's functional limitations. The ALJ failed to do so. In this case, a lack of objective medical findings (*i.e.*, range of motion and lab tests) does not constitute proper justification because fibromyalgia is a disease that eludes such measurement. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (finding that the ALJ erred by "effectively requir[ing] 'objective' evidence for a disease that eludes such measurement.") (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003)). Indeed, fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms," including multiple tender points, fatigue, stiffness, and sleep disturbance. *Id.* at 589-90. The record shows that plaintiff experienced these symptoms. (*See, e.g.*, AR 137 – severe body pains and difficulty sleeping; AR 139 – generalized musculoskeletal pain involving arms, legs, neck, and lower back; AR 150 – pain "all over"; AR 151 – soft tissue tender points and pain in the lower back, arms, and legs; AR 157 – pain in the neck and lower back; AR 160 – difficulty sleeping, tingling in the hands, and pain in the arms, legs, and lower back; AR 164 – "soft tissues 'very tender points'"; AR 171 – generalized pain and difficulty using hands; AR 174 – generalized pain). Furthermore, as discussed below, the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's subjective allegations of pain.

/ / /

/ / /

/ / /

/ / /

/ / /

Moreover, the Court notes Dr. Gitlin's expertise in rheumatology and the

lengthy duration of his treating relationship with plaintiff, which began on July 2003 and continued through July 2005, for a total of approximately 14 sessions.[2] (AR 137, 139, 150-52, 156-64, 171-72, 174-75). This history lends support to plaintiff's contention that Dr. Gitlin's opinion was entitled to greater consideration.[3] *See* 20 C.F.R. §§ 404.1527(d)(2)(i)&(5), 416.927(d)(2)(i)&(5) (stating that more weight will be given to the opinion of a specialist about medical issues related to the area of specialization and to a treating source who has seen a claimant long enough to have obtained a "longitudinal picture" of an impairment). Thus, the ALJ's rejection of Dr. Gitlin's opinion was error.

B.  Plaintiff's Subjective Allegations

Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their alleged severity. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of his pain, a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.") (internal citation omitted); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir.1995) (applying *Bunnell* to subjective physical complaints).

The ALJ can reject the claimant's allegations "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). The following factors may be considered in weighing the claimant's credibility: (1) his reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's

---

[2] "Rheumatology is the relevant specialty for fibromyalgia." *Benecke*, 379 F.3d at 594 fn.4.

[3] Dr. Nafoosi, on the other hand, is an internal medicine physician, who never treated or examined plaintiff. (AR 30-32, 201).

testimony and his conduct; (3) his daily activities; (4) his work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c). "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. *Id.*; *Benton*, 331 F.3d at 1041. If properly supported, the ALJ's credibility determination is entitled to "great deference." *Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986).

At the hearing, plaintiff testified that she tries to exercise everyday by walking up to one-third of a mile. (AR 183). She also stated that she performs leg exercises in a pool once a week. (AR 184). As for housework, plaintiff noted that she dusts occasionally and makes her bed occasionally. (AR 184). She noted that she relies on her husband for other chores. (AR 184-85). Plaintiff described her daytime activities as "watch[ing] television, read[ing], try[ing] to walk, [and] sit[ting] at the pool." (AR 185). She asserted that she is "not a big TV person" because she "can't sit long enough to do it." (AR 186). Plaintiff stated, however, that she is able to care for her personal hygiene. (AR 191).

Plaintiff characterized her sleep as "terrible" because she "just hurt[s], toss[es] and turn[s]." (AR 190). She stated that fibromyalgia is the main cause for her disabling pain. (AR 191). Plaintiff also noted that she experiences headaches two or three times a week; numbness in her fingers, neck, and calves; and cramps and spasms in her back, feet and calves. (AR 192, 195-96). Lastly, she testified that she has problems concentrating. (AR 199).

///
///
///

Here, the ALJ provided the following reasons for rejecting plaintiff's subjective

7

allegations:

> [Plaintiff] maintains she is unable to work due to her alleged subjective symptoms. However, the undersigned notes [plaintiff] has not established a medically determinable impairment which would reasonably be expected to produce such limitations. Indeed, her physical exams have not documented any actual trigger or tender points, but only reference moderate tenderness. She has full motion in all areas. [Plaintiff] has not required extended periods of hospital confinement, emergency room treatment, use of a TENS unit, participation in a pain control clinic, or other extensive or significant forms of treatment commonly prescribed for intense pain. [Plaintiff] has no abnormalities of gait, nor are any assistive devices required. While [plaintiff] asserted a chronic and debilitating pain syndrome of extended duration, it is noted she exhibited no evidence of diffuse atrophy or muscle wasting, common indicators of chronic pain. At the hearing, [plaintiff's] thoughts did not seem to wander and all questions were answered alertly and appropriately. There is no credible evidence of regular usage of strong medication to alleviate pain that would significantly impair [plaintiff's] ability to do basic work activities. There was no evidence in the medical record of any significant side effects. Accordingly, the undersigned concludes [plaintiff's] testimony and evidence, although appearing sincere, is not fully credible regarding the extent, intensity and duration of the alleged subjective symptoms and functional limitations and restrictions.

(AR 13).

As an initial matter, the ALJ's finding that plaintiff had not established a medically determinable impairment which would reasonably be expected to produce such limitations is contradicted by the ALJ's own conclusion that plaintiff suffered from "probable fibromyalgia," which was considered "severe." (AR 13, 15). A

finding of "probable fibromyalgia" suggests that there was more evidence for than against a diagnosis of fibromyalgia. Moreover, after examining plaintiff, Dr. Gitlin diagnosed plaintiff with fibromyalgia.[4] (AR 159-64). Critically, contrary to the ALJ's finding, Dr. Portnoff and Dr. Gitlin observed multiple tender points, which are common symptoms of fibromyalgia.[5] (AR 118, 151, 161, 164). Therefore, medical findings were not required to support the alleged severity of plaintiff's pain. *See Bunnell*, 947 F.2d at 345.

As there is nothing in the record to suggest that plaintiff was malingering, the ALJ was required to provided clear and convincing reasons for rejecting plaintiff's subjective allegations. *See Benton*, 331 F.3d at 1040. The remaining reasons given by the ALJ, however, were not clear and convincing.

First, examinations showing full range of motion in all areas are not inconsistent with plaintiff's allegations of disabling pain from fibromyalgia. As noted above, the severity of fibromyalgia cannot be measured by objective medical findings such as range of motion tests. *See Benecke*, 379 F.3d at 594 (citation omitted); *see also Sarchet*, 78 F.3d at 306 ("There are no laboratory tests for the presence or severity of fibromyalgia.").

Second, the ALJ's rejection of plaintiff's allegations for being inconsistent with her treatment received – namely, because plaintiff was not hospitalized, did not receive

---

[4] Dr. Gitlin erroneously noted that Dr. Kelly Portnoff diagnosed plaintiff with fibromyalgia when, in fact, Dr. Portnoff diagnosed probable fibromyalgia. (AR 118, 160). Nevertheless, it appears that Dr. Gitlin made his own independent diagnosis of fibromyalgia after conducting a physical examination. (AR 159, 161-64).

[5] The rule of thumb for diagnosing fibromyalgia is that the patient must have at least 11 out of 18 fixed locations of tender points. *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001) (citing *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)). Although neither physician noted the exact locations of the tender points, Dr. Gitlin diagramed plaintiff's reported areas of pain. (AR 161).

emergency room treatment, did not use a TENS unit, did not participate in a pain control clinic, and did not receive other extensive or significant forms of treatment commonly prescribed for intense pain – fails for several reasons.  The record indicates that plaintiff *did* receive extensive medication treatment, including Clinoril, Celexa, Pamelor, Desyrel, Ultram, Ultracet, Voltaren, Flexeril, and Ambien.  (AR 137, 139, 150-52, 157-58, 160, 171-72, 174-76).  Additionally, plaintiff underwent physical therapy.  (AR 139).  Unfortunately, plaintiff reported minimal benefit from her treatment.  (AR 139, 150, 158, 174).  Moreover, nothing in the record supports the ALJ's conclusion that, because plaintiff was not hospitalized and did not receive emergency room treatment, her claimed symptoms should be disregarded.

Third, the ALJ erred in finding plaintiff incredible based on the fact that she walks with a normal gait and without the use of an assistance device.  Once again, nothing in the record supports the ALJ's determination that having a normal gait is inconsistent with disabling pain from fibromyalgia.

Fourth, lack of atrophy or muscle wasting is not inconsistent with plaintiff's symptoms testimony.  Plaintiff never testified that she was bedridden such that her muscles would atrophy.  Rather, she testified that she would exercise in a pool and walk up to one-third of a mile.[6]  (AR 183-84).

Fifth, the ALJ's observations at the hearing that plaintiff's thoughts did not seem to wander and plaintiff answered questions alertly and appropriately were not relevant to plaintiff's paramount reason for disability – bodily pain from fibromyalgia.  Moreover, the ALJ impermissibly relied on plaintiff's performance during the

administrative hearing to reject her complaints of poor concentration.  *See Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985) (condemning "'sit and squirm'

---

[6] Plaintiff is not required to be "utterly incapacitated" in order to be disabled.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

jurisprudence").

Sixth, the ALJ's finding that there was no evidence of pain medication that would significantly impair plaintiff's ability to do basic work activities is similarly irrelevant to the determination of plaintiff's credibility. Plaintiff never testified that the side effects from her medication materially contributed to her disability.

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.


DATED: February 6, 2008

/S/ Frederick F. Mumm
FREDERICK F. MUMM
United States Magistrate Judge

11